Nick Gower, OSB No. 143274
319 SW Washington Street, Suite 614
Portland, Oregon 97204
Phone: (503) 507-3973
Fax: (503) 437-9170
Nick@gower.law

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| TECK PLUMBING LLC,<br><br>Plaintiff,<br><br>v.<br><br>OHIO SECURITY INSURANCE COMPANY,<br><br>Defendant. | CASE NO.:<br><br>COMPLAINT<br><br>BREACH OF CONTRACT<br>BREACH OF IMPLIED COVENANT<br>NEGLIGENCE PER SE<br>Claim over $75,000<br>Demand $1,219,787.16<br><br>DEMAND FOR JURY TRIAL |

COMES NOW the Plaintiff, represented by the undersigned attorney, and allege as follows:

<u>VENUE AND JURISDICTION</u>

1. At all times material hereto, TECK PLUMBING LLC (hereafter "TECK") was a limited liability corporation incorporated in the State of Oregon and operating out of Jackson County, Oregon and owning property in Jackson County, Oregon.

2. At all times material hereto, OHIO SECURITY INSURANCE COMPANY (hereafter "OHIO"), was an insurance corporation authorized to issue insurance and conduct business

COMPLAINT                                                                                          Page 1 of 8

Gower Law LLC
319 SW Washington Street, Suite 614
Portland, Oregon 97204
Phone: (503) 507-3973
Fax: (503) 437-9170

in the State of Oregon, but is a foreign carrier with its principal place of business headquartered in another state.

3. The claim and controversy in this matter exceeds $75,000.00

4. The acts and/or omissions that form the basis of this complaint took place in the State of Oregon, this Court has jurisdiction over this matter pursuant to 28 USC §1332, and Venue is proper in the Medford Division.

FACTS MATERIAL TO TECK'S CLAIMS FOR RELIEF

5. TECK was the beneficial owner of certain real property located in Jackson County, Oregon, and commonly referred to as 604 N Main St., Phoenix, Oregon 97535 608 N Main St., Phoenix, Oregon 97535 (hereafter "Property 1").

6. Property 1 contained a commercial structure, business personal property, and other structures.

7. TECK was also the beneficial owner of certain real property located in Jackson County, Oregon, and commonly referred to as 608 N Main St., Phoenix, Oregon 97535 (hereafter "Property 2").

8. Property 2 contained a residential structure, business personal property, and other structures.

9. At all times material to this Complaint, Property 1 and Property 2 were insured by a commercial policy issued by OHIO, specifically described as policy no.: BKS(20)56375722 (hereafter "the Policy").

10. The Policy listed TECK as a named insured.

Gower Law LLC
319 SW Washington Street, Suite 614
Portland, Oregon 97204
Phone: (503) 507-3973
Fax: (503) 437-9170

11. At all times material to this Complaint, all premiums due from TECK were paid and the Policy was in full force and effect.

12. In consideration for payment of premiums by TECK, the Policy promised to provide coverage for direct physical loss to the primary structures, other structures, and business personal property located at Property 1 and Property 2, and other coverages subject to the terms and conditions set forth in the Policy.

13. On or about September 9, 2020, Property 1 and Property 2 suffered direct physical loss due to the 2020 catastrophic wildfires (hereafter "the Loss").

14. TECK filed a claim in connection with the Loss.

15. OHIO assigned Claim Number 23854031 (hereafter "the Claim").

16. OHIO accepted the Claim.

17. OHIO opened an investigation into the Claim.

18. OHIO accepted coverage for direct physical loss to Property 1 and Property 2.

19. OHIO evaluated the damages as a result of the Loss.

20. TECK has performed all conditions precedent required for an ACV payment under the Policy.

21. TECK has cooperated with OHIO's investigation and adjustment of the Claim.

22. OHIO issued payments related to the Loss.

23. OHIO has refused, failed, and/or neglected to pay TECK the full actual cash value damages owed under the Policy.

Gower Law LLC
319 SW Washington Street, Suite 614
Portland, Oregon 97204
Phone: (503) 507-3973
Fax: (503) 437-9170

24. OHIO's delay of payments and significant underpayment of damages owed as a result of the Loss is a material breach of the Policy.

25. OHIO's delay of payments and significant underpayment of TECK's covered damages as a result of the Loss has obstructed TECK's ability to complete repairs and prevented TECK from complying with any conditions precedent for replacement cost coverage in the Policy.

26. As a result of the breaches of the Policy alleged herein, TECK has been forced to hire an attorney to represent it in this matter. TECK is entitled to recover its reasonable attorney fees incurred herein under O.R.S 742.061.

27. TECK is entitled to recover prejudgment interest on its damages at the legal rate of 9% per annum.

CLAIM #1 – BREACH OF CONTRACT: FAILURE TO
FULLY PAY DAMAGE TO PROPERTY 1

28. TECK herein re-alleges and re-incorporates all preceding paragraphs into this cause of action.

29. OHIO did not fully pay TECK's damages to Property 1 as a result of the Loss.

30. OHIO has paid its evaluation of the actual cash value damages to Property 1 at approximately $253,638.90.

31. TECK has evaluated the actual cash value damages to Property 1 at approximately $286,536.81.

32. TECK has evaluated the replacement cost damages to Property 1 at approximately $352,680.59.

Gower Law LLC
319 SW Washington Street, Suite 614
Portland, Oregon 97204
Phone: (503) 507-3973
Fax: (503) 437-9170

33. As a result of OHIO's material breach of the Policy and conduct alleged herein preventing TECK's compliance with the replacement cost provisions of the Policy, TECK has suffered an estimated $99,041.69 for unpaid damages to Property 1, regardless of repair or replacement.

## CLAIM #2 – BREACH OF CONTRACT: FAILURE TO FULLY PAY DAMAGE TO PROPERTY 2

34. TECK herein re-alleges and re-incorporates all preceding paragraphs into this cause of action.

35. OHIO did not fully pay TECK's damages to Property 2 as a result of the Loss.

36. OHIO has paid its evaluation of the actual cash value damages to Property 2 at approximately $132,893.43.

37. TECK has evaluated the actual cash value damages to Property 2 at approximately $150,462.39.

38. TECK has evaluated the replacement cost damages to Property 2 at approximately $253,638.90.

39. As a result of OHIO's material breach of the Policy and conduct alleged herein preventing TECK's compliance with the replacement cost provisions of the Policy, TECK has suffered an estimated $120,745.47 for unpaid damages to Property 2, regardless of repair or replacement.

## CLAIM #3 – BREACH OF IMPLIED COVENANT

40. TECK herein re-alleges and re-incorporates all preceding paragraphs into this cause of action.

COMPLAINT                                                                                                    Page 5 of 8

Gower Law LLC
319 SW Washington Street, Suite 614
Portland, Oregon 97204
Phone: (503) 507-3973
Fax: (503) 437-9170

41. OHIO failed to make full payment, refused to make full payment, or delayed full payment for covered losses, in violation of the policy of insurance, thus causing damages to TECK.

42. OHIO violated the implied covenant of good faith and fair dealing in failing properly to investigate the loss, adjust the claim, and pay TECK for all the losses sustained causing damages to TECK.

43. It was foreseeable to OHIO that if it breached its obligations under the insurance policy, TECK would suffer damages.

44. As a result of the breach of contract by OHIO, TECK has suffered damages as set forth in paragraphs 33 and 39.

<u>CLAIM #4 – NEGLIGENCE PER SE – VIOLATIONS OF O.R.S 746.230</u>

45. TECK herein re-alleges and re-incorporates all preceding paragraphs into this cause of action.

46. Because OHIO is a corporation that sells insurance and provides insurance coverage to Oregon consumers, the Oregon Legislature through O.R.S. 746.230 requires OHIO to follow a standard of care in the performance of its insurance contracts independent of, in addition to, and outside of the terms of the insurance contract.

47. OHIO negligently performed its obligations under O.R.S. 746.230 in its review, investigation, and eventual decision to underpay insurance benefits following the devastating accidental loss suffered by TECK in one or more of the following ways:

   a. Failing to adopt and implement reasonable standards for the prompt investigation of claims, in violation of O.R.S. 746.230(1)(c);

COMPLAINT                                                                                                         Page 6 of 8

Gower Law LLC
319 SW Washington Street, Suite 614
Portland, Oregon 97204
Phone: (503) 507-3973
Fax: (503) 437-9170

    b.    By refusing to pay the full insurance benefits without conducting a reasonable investigation based on all available information, in violation of O.R.S. 746.230(1)(d);

    c.    By not attempting, in good faith, to promptly and equitably settle a claim in which the insurer's liability has become reasonably clear, in violation of O.R.S. 746.230(1)(f);

    d.    By compelling plaintiff to initiate this litigation to recover amounts due by offering substantially less than the amount of the covered loss pled as damages in this action, in violation of O.R.S. 746.230(1)(g);

    e.    Attempting to settle claims for less than the amount to which a reasonable person would believe a reasonable person was entitled after referring to written or printed advertising material accompanying or made part of an application, in violation of O.R.S. 746.230(1)(h);

48. OHIO knew, or in the exercise of reasonable care as a corporation engaged in the business of marketing and selling insurance, should have known, that one or more of its foregoing acts or omissions would create an unreasonable risk of harm to TECK.

49. As a result of OHIO's negligent performance of its statutory obligations when administering the insurance contract, the insured suffered the economic loss of the value of the contractual benefit as set forth in paragraphs 33 and 39.

50. OHIO knew, or in the exercise of reasonable care as a corporation engaged in the business of marketing and selling insurance, should have known, that one or more of its foregoing

COMPLAINT    Page 7 of 8

Gower Law LLC
319 SW Washington Street, Suite 614
Portland, Oregon 97204
Phone: (503) 507-3973
Fax: (503) 437-9170

acts or omissions would create a highly unreasonable risk of harm to TECK. In committing those acts and/or omissions, defendant either intentionally disregarded the duty of care it owed to TECK under O.R.S. 746.230(1) or was, at minimum, recklessly indifferent to the obligations it owed TECK pursuant to its statutory duties of care. TECK is entitled to punitive damages in the amount of $1,000,000.

## REQUESTED RELIEF

WHEREFORE, TECK prays for judgment including:

1. Unpaid damages to Property 1 of approximately $99,041.69, regardless of repair or replacement;

2. Unpaid damages to Property 2 of approximately $120,745.47, regardless of repair or replacement;

3. Punitive damages in the amount of $1,000,000;

4. Costs and disbursements incurred herein;

5. Attorneys' fees pursuant to O.R.S 742.061; and

6. Prejudgment interest of 9%.

DATED: September 6, 2022

**GOWER LAW LLC**

**s/ Nick Gower**

Nick Gower, OSB No. 143274
Nick@gower.law

COMPLAINT                                                                                               Page 8 of 8

Gower Law LLC
319 SW Washington Street, Suite 614
Portland, Oregon 97204
Phone: (503) 507-3973
Fax: (503) 437-9170